IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                         Case Nos.: 3:08cr13/RV/CJK
                                                       3:12cv496/RV/CJK

DEVRIN HERNANDEZ

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (doc. 102). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND AND ANALYSIS

Defendant pled guilty to 3 counts of possession with intent to distribute 5 grams or more of methamphetamine, its salts, isomers and salts of isomers and 1 count conspiracy to possess with intent to distribute 50 grams or more of

methamphetamine, its salts, isomers, and salts of isomers, and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers and salts of isomers. (Doc. 91). On May 30, 2008, defendant was sentenced to a term of life in prison as to count 1 and 330 months as to counts 2, 3, and 4, with the sentences to run concurrently. (Doc. 91, p. 3). He did not appeal. On October 15, 2012, defendant filed his original motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (doc. 99). Defendant later filed an amended 2255 petition, (doc. 102). The Government responded, (doc. 111), asking the court to dismiss defendant's 2255 petition on statute of limitations grounds. Defendant did not submit a reply to the government's response.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). There was a four year and four month time gap between the final adjudication of the defendant's case and his filing of his original 2255 petition.

Defendant's judgment became final after the window to appeal closed. *See Mederos v. U.S.*, 218 F.3d 1252, 1252 (11th Cir. 2000) ("[Defendant] did not file a timely notice of appeal . . . . Accordingly, the judgment of conviction became final . . . ten days after it was entered."). Currently, criminal defendants have a fourteen day window to file a notice of appeal.[1] FED. R. APP. P. 4(b)(1)(A). Defendant's judgment became final in June 2008.

Defendant argues that he was prevented from filing his 2255 motion because he had to wait until the Fourth Circuit issued its opinion in a case called "Simmons," and alternatively, governmental agencies deliberately denied him access to legal materials by placing him in the Segregated Housing Unit from 2009 through 2012. (Docs. 102, p. 13; 105, p. 21). Defendant is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (*quoting Pace v. DiGuglielmo*, 522 U.S. 408, 418 (2005)). Equitable tolling is "'an extraordinary remedy'" and "'is limited to rare and exceptional circumstances.'" *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007).

The Fourth Circuit opinion defendant references is *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Defendant's argument is without merit for several reasons. First, this court is in the Eleventh Circuit and is not bound by Fourth Circuit decisions. Moreover, waiting on a court to issue a favorable ruling is not an "extraordinary circumstance" justifying the tolling of the statute of limitations.

---

[1] The government claims defendant had a ten day window in which to file his notice of appeal in 2008. (Doc. 111, p. 8). Defendant's 2255 motion would be untimely under either the ten or fourteen day window.

Defendant could have filed his 2255 motion prior to the issuance of the *Simmons* decision and has not plead that he was prevented from doing so. If waiting on a favorable ruling were sufficient to toll the statute of limitations, every defendant, faced with an adverse ruling, could claim that the statute of limitations is tolled until a more favorable ruling is issued. Finally, *Simmons* was issued on August 17, 2011, and defendant filed his 2255 motion on October 15, 2012 (doc. 99). Even if defendant's argument has merit, which it does not, his 2255 motion would still be untimely.

As to defendant's claim that the Bureau of Prisons denied him access to legal materials, denial of access to legal materials is not an extraordinary circumstance sufficient to toll the statute of limitations. *See Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) ("[Defendant's] transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances."). Defendant again fails to plead any evidence demonstrating how the denial of legal materials prevented him from filing a timely 2255 motion. Defendant could have informed the court that the government was denying him access to legal materials, but chose not to.[2] The defendant's own actions indicate he has not been pursuing his rights "diligently."

Accordingly, defendant is not entitled to equitable tolling and his 2255 motion is untimely.

## Certificate of Appealability

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a

---

[2] Review of defendant's filings through PACER evidences that the defendant never filed suit contesting the government's denial of access to legal materials.

Case Nos.: 3:08cr13/RV/CJK; 3:12cv496/RV/CJK

final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

The Government's motion to dismiss (doc. 111) be GRANTED.

The amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 102) be summarily DISMISSED as untimely.

At Pensacola, Florida, this 22nd day of April, 2013.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>*,* 858 F.2d 698, 701 (11th Cir. 1988).